UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAMAR TATE,

                Petitioner,

v.

SHIRLEE HARRY,

                Respondent

_____/

Case No. 1:08-cv-12347

HONORABLE THOMAS L. LUDINGTON

## OPINION AND ORDER HOLDING PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE

Petitioner Lamar Tate ("Petitioner"), presently confined at the Pugsley Correctional Facility in Kingsley, Michigan, in the custody of Shirlee Harry ("Respondent"), filed a pro se petition on June 2, 2008 [Dkt. #1], for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Petitioner challenges his conviction for possession with intent to deliver less than 50 grams of cocaine within 1,000 feet of a school, Mich. Comp. Laws § 333.7410(3); possession with intent to deliver less than 50 grams of heroin within 1,000 feet of a school, Mich. Comp. Laws § 333.7410(3); felon in possession of a firearm, Mich. Comp. Laws § 750.224f; carrying a concealed weapon, Mich. Comp. Laws § 750.227; and possession of a firearm in the commission of a felony, second offense, Mich. Comp. Laws § 750.227b. Respondent filed a response [Dkt. #7] on December 30, 2008, contending that the Petition is subject to dismissal because it contains claims which have not been exhausted with the state courts. For the reasons provided herein, the Court will hold the Petition in abeyance and stay the proceedings to permit Petitioner to return to the state courts to exhaust his additional claims.

**I**

Petitioner was found guilty of the above offenses following a jury trial in the Wayne County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v. Tate,* No. 264234, 2006 WL 3613733 (Mich. App. Dec. 12, 2006), *leave denied,*478 Mich. 870 (2007).

After completing direct review, Petitioner filed a timely petition for writ of habeas corpus. Petitioner seeks habeas relief on the following claims:

    I.       The prosecutor failed to present sufficient evidence that Petitioner possessed with intent to deliver either cocaine or heroin where one  officer stated that he observed Petitioner drop a package of suspected narcotics and one officer stated that she found three packages of suspected narcotics but there is no evidence that the packages retrieved were the same packages discarded.

    II.      The prosecutor violated Petitioner's right to remain silent and denied him a fair trial by admitting evidence of Petitioner's exercise of his rights to remain silent; the court, in its *sua sponte* curative instruction, denied Petitioner a fair trial when it attributed the impropriety in part to defense counsel; defense counsel was ineffective in failing to object to both.

    III.    Trial counsel's failure to seek the admission of a receipt used to substantiate Petitioner's defense constitutes ineffective assistance of counsel under the Sixth Amendment and requires a new trial where the errors were so substantial that it could have changed the outcome of the trial when it was later requested by a jury.

**II**

Respondent contends that the Petition is subject to dismissal because it contains claims which have not been exhausted. Respondent  is correct.

**A**

On direct appeal, Petitioner raised three claims that mirror the three claims that he raises in the Petition.  Petitioner argued that his right to due process was violated because there was insufficient evidence of possession to support his conviction. Petitioner also argues that his rights

were violated when the prosecutor elicited testimony that Petitioner had invoked his right to remain silent following the administration of Miranda warnings and when the trial judge provided a curative instruction to the jury regarding the elicited testimony. Finally, Petitioner argued on direct appeal that his right to the effective assistance of counsel was violated when his trial counsel failed to move for the admission of a store receipt to establish an alibi. Petitioner raises the same three claims in the Petition.

Petitioner, however, raises for the first time several new claims. In the portion of the Petition that provide the factual support for these claims and in his reply, Petitioner asserts for the first time that the evidence of possession of drugs was insufficient because the testimony at trial established that several packages of narcotics were recovered, rather than just one, and there was no evidence connecting the single package that one officer observed Petitioner deliver to any one of the three packages another officer retrieved. Petitioner also asserts for the first time that his due process rights were violated by questions during cross-examination and redirect of his own testimony at trial that referred to his post-arrest silence, as well as by the introduction of evidence of his post-arrest silence in the prosecution's case-in-chief. Finally, the Petitioner asserts for the first time in the Petition that his counsel was ineffective not simply for failing to move for the admission into evidence of a store receipt used during Petitioner's testimony, but also for failing to move for an evidentiary hearing, for failing to file a discovery motion, for failing to subpoena a witness for the defense prior to trial, for failing to appear at pre-trial or the final conference, for failing to communicate with the Petitioner, and for failing to present a substantial defense. None of these claims were presented as part of Petitioner's direct appeal.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c).  To be properly exhausted, each claim must have been "fairly presented" to both the state court of appeals and the state supreme court.  *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).  "Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim."  *Id.* at 414-15.  Exhaustion is not a jurisdictional matter, but it is a threshold question that must be resolved before a federal court can reach the merits of any claim contained in a habeas petition.  *Id.* at 415.  Each claim must be reviewed for exhaustion before any claim may be reviewed on the merits by a federal court.  *Id.*  Federal district courts may not grant relief on mixed habeas petitions which contain both exhausted and unexhausted claims.  *Rose v. Lundy,* 455 U.S. 509, 522 (1982)).  A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

**B**

Petitioner's habeas petition contains several unexhausted claims.  First, Petitioner appears to be raising additional ineffective assistance of trial counsel claims which have yet to be presented to the state courts.  Petitioner's ineffective assistance of trial counsel claim on direct appeal was limited to trial counsel's failure to seek the admission into evidence of a receipt used during the Petitioner's testimony.  Federal courts may not consider a claim in a habeas petition that was not fairly presented to the state courts, and a claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts.  *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006).  "[T]o the extent that an ineffective assistance of counsel claim is based upon a different allegedly ineffective action than the claim presented to the state

-4-

courts, the claim has not been fairly presented to the state courts." *Caver v. Straub*, 349 F.3d 340, 347 (6th Cir. 2003) (citing *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)).

Petitioner also raises for the first time in the Petition the claim that the evidence of possession was insufficient to sustain a conviction. In his direct appeal, Petitioner's only claim regarding the sufficiency of the evidence was that there was insufficient evidence to connect the bag retrieved by the second officer with the bag the first officer saw the Petitioner discard. Petitioner now contends that the testimony at trial established that several bags of narcotics were seized by the police, and even if he was observed dropping one package of drugs, three packages were recovered and there was insufficient evidence that he possessed the other two packages.

Finally, Petitioner has not raised a claim in the Michigan courts asserting that his Fifth and Fourteenth Amendment rights were violated because he was asked questions during his examination that referred to his post-arrest silence. Petitioner's claim on direct appeal was expressly limited to the question of the prosecution's use in its case-in-chief of evidence that the police had not obtained a statement from Petitioner following his arrest.

As previously noted, a federal court may not grant relief on a "mixed" petition containing both exhausted and unexhausted claims. *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F.3d at 423. The only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.* at 424 (citing 28 U.S.C. § 2254(b)). Petitioner's habeas application is thus subject to dismissal because it contains claims that have yet to be presented to the state courts.

## C

Dismissal of the Petition, albeit without prejudice, may result in preclusion of consideration of the Petitioner's claims in this Court due to the expiration of the applicable one year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).  In cases when the original mixed petition was timely filed, but a second, exhausted habeas petition would be time barred by the statute of limitations, a district court has the authority to stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.  *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). The district court has the discretion to stay the petition in these circumstances if there is no evidence of intentionally dilatory tactics, there is good cause for failure to exhaust, and the unexhausted claims are not "plainly meritless."  *Rhines v. Weber,* 544 U.S. 269, 278 (2005). Petitioner's unexhausted claims do not appear to be plainly meritless; he may be able to establish good cause for his failure to exhaust, and he does not appear to have engaged in intentionally dilatory tactics.  The Petition will be stayed until Petitioner has exhausted his unexhausted claims.

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, et seq. *See Wagner,* 581 F. 3d at 419; *see also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004).  Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under Michigan Court Rule 6.502.   A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. Mich. Ct. R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court

upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R.  7.302; *see also Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this order. *See id.*  Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.*  If the conditions of the stay are not met, "the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### III

Accordingly, for the reasons stated, it is **ORDERED** that the Court holds the Petition in **ABEYANCE** and **STAYS** this action so that Petitioner can fully exhaust his state court remedies as to additional federal claims.  The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within **60 days** of the filing date of this order. The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, and filing of a motion to lift the stay within **60 days** of exhausting state remedies. Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court administratively close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay

and the amended petition following exhaustion of state remedies, the Court may order the Clerk to

reopen this case.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 9, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Lamar Tate, #358066, at Pugsley Correctional Facility, 7401 E. Walton Road, Kingsley, MI 49649 by first class U.S. mail on June 9, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS