UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAMAR TATE,

       Petitioner,

v.

SHIRLEE HARRY,

       Respondent

                                   /

Case No. 1:08-cv-12347

Honorable Thomas L. Ludington

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO LIFT STAY

Lamar Tate ("Petitioner"), presently confined at the Pugsley Correctional Facility in Kingsley, Michigan, in the custody of Warden Shirlee Harry ("Respondent"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). This matter is before the Court on Petitioner's motion to lift the stay imposed by this Court on June 9, 2011. For the reasons explained hereafter, Petitioner's motion will be denied.

Petitioner filed his federal petition on June 2, 2008. In the response to the petition, Respondent argued that the petition was subject to dismissal because it contained claims which had not been exhausted with the state courts. In lieu of dismissing the petition without prejudice, however, the Court held the petition in abeyance and stayed the proceedings to permit Petitioner to return to the state courts to exhaust his additional claims. The Court further held that if Petitioner failed to return to state court to exhaust his additional claims, the petition would be dismissed without prejudice.

Petitioner has now filed a motion to lift the stay and reopen the case. In support of this motion, Petitioner states that he filed a motion for post-conviction relief under Michigan Court Rule 6.500 in accordance with this Court's order and that, as of the date his motion to lift the stay was submitted, "there has been no return or response from the lower court." ECF No. 17. Petitioner asks the Court to lift the stay imposed in June and proceed to determine the merits of the habeas petition, although in another part of the motion he also asks the Court to wait to determine the unexhausted issues.

A federal court may not grant relief on a "mixed" petition containing both exhausted and unexhausted claims. *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F.3d at 423. The only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.* at 424 (citing 28 U.S.C. § 2254(b)). Petitioner's habeas application is thus subject to dismissal because it contained claims that had yet to be presented to the state courts. Because outright dismissal of the Petition might result in preclusion of consideration of the Petitioner's claims in this Court due to the expiration of the applicable one year statute of limitations, *see* 28 U.S.C. § 2244(d)(1), the Court exercised its discretion to stay, rather than dismiss, the petition pending exhaustion.

Upon review of Petitioner's motion, it is clear that Petitioner has not completed exhaustion of all state remedies for his new claims. In his motion to lift the stay, Petitioner admits that he has a motion for relief from judgment pending in state court concerning the convictions at issue. Petitioner must complete the state court process before seeking habeas relief in federal court. *See,*

*e.g.*, *Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). The state courts must first be given a fair opportunity to address all of Petitioner's claims before he can present the claims to this Court. The state court proceedings may result in the reversal of Petitioner's convictions, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)). Exhaustion also requires that any decision denying relief must be appealed to both the state court of appeals and the state supreme court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner has not exhausted his state remedies with regard to the claims in his petition. It is therefore **ORDERED** that the Motion to Lift Stay on Petitioner's Petition for Writ of Habeas Corpus and Reopen Case (ECF No. 17) is **DENIED**.

                                                 s/Thomas L. Ludington  
                                                 THOMAS L. LUDINGTON  
                                                 United States District Judge

Dated: December 12, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Lamar Tate, #358066, at Pugsley Correctional Facility, 7401 E. Walton Rd., Kingsley, MI 49649 by first class U.S. mail on December 12, 2011.

                                    s/Tracy A. Jacobs  
                                    TRACY A. JACOBS